

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SIYUAN LIU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-415-A |
| | § | |
| DR. THOMAS MOORMAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the first amended motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure, filed in the above-captioned action by defendant, Thomas Moorman.[2] Plaintiff, Siyuan Liu, failed to respond. Having considered the motion, the pleadings, and applicable legal authorities, the court concludes that the motion should be granted as to the claims and causes of action pursuant

---

[1] The introductory paragraph of the motion states it is brought pursuant to Rule 12(b)(1) and Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendant's brief discusses dismissal only under Rule 12(b)(6), and nothing in the motion or brief mentions personal jurisdiction pursuant to Rule 12(b)(2). Thus, the court will consider the reference to Rule 12(b)(2) a typographical error. Neither the motion nor brief argue for dismissal pursuant to Rule 12(b)(1), so the court will only consider dismissal only pursuant to Rule 12(b)(6).

[2] The complaint originally named as additional defendants Lee F. Jackson, Chancellor of the University of North Texas System, Dr. Scott Ransom, President of the University of North Texas Health Science Center (collectively, the "University Defendants"), and Dr. Roberto Cardarelli, all named in their official capacities only. On October 20, 2009, the court granted plaintiff's motion to dismiss Dr. Cardarelli, and on January 29, 2010, granted the University Defendants' motion to dismiss, leaving the claims against defendant in his individual capacity only.

to 42 U.S.C. § 1983, and that the court will decline to exercise supplemental jurisdiction over plaintiff's state law claims.

I.

### Plaintiff's Claims

The second amended complaint alleges the following facts:

Plaintiff, a citizen of China, enrolled as a graduate student at the University of North Texas Health Science Center ("University") in 2008. In May 2009 plaintiff enrolled in a class that required him to conduct research using a shared computer. To assist in his research, plaintiff on May 18, 2009, installed "download management software" known as Thunder. Second Am. Compl. at 4. According to plaintiff, Thunder is "widely used for file management software by Chinese-speaking computer users," and starts automatically when a computer is turned on. Id., ¶ 6.

On June 9, 2009, an individual from the University's information technology department informed plaintiff that file-sharing software was running on the computer where plaintiff was working. After that, a University official decided he wanted plaintiff "gone." Id. at 5. On or about June 10, 2009, University officials allegedly "began building a case to expel" plaintiff. Id. at 5. On June 12, 2009, defendant wrote to the

2

Dean of the School of Public Health to inform him that the computer plaintiff shared contained "'illegal' software and illegally downloaded movies and concerts," and alleged that plaintiff had violated copyright laws. Id.

On June 15, 2009, plaintiff received notice that a hearing on the matter was scheduled for June 18, 2009. At the June 18 hearing a University official, Dr. Van Duser, informed plaintiff that he had violated school policy, and that the school had discovered copyrighted music and videos downloaded to plaintiff's computer. On June 22, 2009, defendant summoned plaintiff to his office and handed him a prepared letter informing plaintiff that the decision after the hearing was "Academic withdrawal." Id. at 9. Defendant then called in a waiting campus police officer to escort plaintiff from the premises.

Plaintiff "immediately" filed a notice of appeal, requesting a hearing. Id. at 10. On July 14, 2009, defendant sent a letter to plaintiff's attorney, responding to the notice of appeal with "new charges, new evidence, new witnesses," and a suggestion that other unnamed witnesses might be added later. Id. at 11.

Plaintiff filed the instant action on July 15, 2009, and also filed a motion for temporary restraining order, which the court denied. Plaintiff subsequently filed a first amended

3

complaint and a second amended complaint. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violation of his right to due process, equal protection, and substantive due process, as well as state law claims for defamation, false arrest, and fraud.

II.

Grounds of the Motion

Defendant contends he is entitled to qualified immunity as to plaintiff's claims for violation of procedural due process, equal protection, and substantive due process pursuant to 42 U.S.C. § 1983 because plaintiff has failed to allege a violation of a clearly established constitutional right. Defendant also claims plaintiff's state law claims of defamation, false arrest, and fraud should be dismissed because plaintiff failed to plead specific facts sufficient to overcome defendant's entitlement to official immunity under state law.

III.

Applicable Legal Principles

A.  Motion to Dismiss

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atl., 550 U.S. at 555; Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In adjudicating defendant's motion, the court may consider

5

the complaint and its proper attachments. <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498 (5th Cir. 2000). The court may also consider documents attached to defendant's motion to dismiss, as long as those documents are referred to in the complaint and are central to plaintiff's claims. <u>Id.</u> at 499.

B.  <u>Qualified Immunity</u>

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. <u>Hunter v. Bryant</u>, 502 U.S. 224, 228 (1991); <u>Anderson</u>, 483 U.S. at 639-40.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively

6

reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). The court may exercise its discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, -- U.S. --, 129 S.Ct. 808, 818 (2009). In its analysis, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller of the Currency, 876 F.2d 1209, 1212 (5th Cir. 1989).

A plaintiff asserting a cause of action pursuant to § 1983 against a governmental official in the official's individual capacity must specifically allege facts that support the individual defendant's role in the alleged constitutional violation. Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002).

IV.

Analysis

Defendant contends that plaintiff has failed to allege sufficient facts to show that defendant violated any of plaintiff's clearly established constitutional rights. The court

7

agrees.

A.  <u>Procedural Due Process</u>

In the second amended complaint, plaintiff contends that the University's "Policy Manual, at Section 18_5_5 [sic]," lists thirteen requirements, which he contends represent "the minimum constitutionally mandated due process." Second Am. Compl. at 13. Plaintiff's due process claim appears to rest on what he contends were violations of each of these thirteen requirements. To that extent, plaintiff has failed to allege any constitutional violation. Section 18.5.5[3] clearly states in the subject line that it pertains to "alleged drug abuse incidents," and the body of Section 18.5.5 refers to situations where students are alleged to possess illegal drugs. The "thirteen requirements" are not requirements, but only elements each university is encouraged to incorporate into its own policy, and all are pertinent to the subject of the policy: situations where students are accused of possessing illegal drugs. Plaintiff was not accused of possessing illegal drugs, and Section 18.5.5 is inapplicable to the instant action. Thus, none of the factual allegations which plaintiff contends violate Section 18.5.5 state a due process

---

[3]The referenced section is attached to plaintiff's original complaint. However, it is referred to, and relied on, in the second amended complaint.

8

violation in plaintiff's case.

The applicable disciplinary regulations, mentioned in the factual section of the second amended complaint, are found in the Student Code of Conduct and Discipline. Plaintiff does not identify which of the applicable regulations, if any, defendant violated so as to cause a violation of his due process rights. In any event, the court concludes that none of defendant's alleged acts are objectively unreasonable in light of clearly established law.

Students in a public university are entitled to some due process when facing possible removal from their academic setting. Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 85 (1978); Goss v. Lopez, 419 U.S. 565, 581 (1975); Dixon v. Ala. State Bd. of Ed., 294 F.2d 150, 151 (5th Cir. 1961). In such a context, however, due process requires no more than "an informal give-and-take between the student and the administrative body dismissing him" that would provide the student an "opportunity to characterize his conduct and put it in what he deems the proper context." Horowitz, 435 U.S. at 86 (citing Goss, 419 U.S. at 584). In other words, plaintiff was entitled only to notice and an opportunity to be heard. Id.; Goss, 419 U.S. at 581.

Nothing in the complaint alleges that defendant deprived

9

plaintiff of notice and the opportunity to be heard. Plaintiff received notice of the initial hearing, which he attended on June 18, 2009, and at which he testified. Upon learning of the negative outcome of the June 18 hearing, plaintiff filed an appeal, as allowed by the applicable section of the Student Code of Conduct. At the appeal hearing on August 14, 2009, as documented in the follow-up letter dated August 26, 2009, ten witnesses were presented by plaintiff and the University, plaintiff was allowed to present evidence and question the witnesses, and plaintiff had the assistance of his attorney and an interpreter. The hearing lasted fifteen hours, and the committee deliberated for more than five hours the next day. It is abundantly clear that plaintiff received all the process to which he was entitled.

As to the specific acts of defendant, plaintiff alleges that defendant "actively interfered with [plaintiff's] communications with friendly potential witnesses," apparently by allegedly instructing all potential witnesses to contact defendant if they received communications from plaintiff, and added materials to plaintiff's file on June 19. Second Am. Compl. at 14. Even if true, plaintiff has pleaded no facts showing that these alleged acts prevented him from receiving notice and opportunity to be

10

heard--all the process to which he was entitled.[4] Plaintiff has failed to allege sufficient facts to overcome defendant's qualified immunity as to his procedural due process claim.

B.  Equal Protection

A violation of the Equal Protection Clause occurs "only when the government treats someone differently than others similarly situated." Brennan v. Stewart, 834 F.2d 1248, 1258 (5th Cir. 1988). A plaintiff alleging an equal protection violation bears the burden to prove purposeful discrimination, as "[t]he equal protection clause is violated only by intentional discrimination." Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988).

Here, plaintiff has failed to allege any facts that would support or even suggest that defendant acted with any discriminatory intent. Plaintiff alleges no facts showing that defendant treated plaintiff differently than any other similarly situated student. Likewise, under the "Equal Protection" cause of action, plaintiff offers nothing more than conclusory allegations as to the University's information technology

---

[4] The July 14, 2009, letter to which the second amended complaint refers indicates that additional materials were discovered after the June 18, 2009, hearing. However, the letter also affords plaintiff the opportunity to meet with a University representative to discuss the new information and provide a written response. Thus, plaintiff was also provided due process with regard to the new information.

department and the University generally, and as to Dr. Van Duser specifically.[5] Nowhere in the second amended complaint does plaintiff identify even a single similarly situated individual who was treated differently by anyone, including defendant. Plaintiff has failed to allege any facts that specifically address defendant's role in any alleged violation of his right to equal protection, much less any as would overcome defendant's entitlement to qualified immunity. Oliver, 276 F.3d at 741.

C. <u>Substantive Due Process</u>

"A violation of substantive due process occurs . . . only when the government deprives an individual of liberty or property." Brennan, 834 F.2d at 1257. To state a viable claim of substantive due process, plaintiff must demonstrate that the state official "acted with culpability beyond mere negligence." McClendon v. City of Columbia, 305 F.3d 314, 325 (5th Cir. 2002). Stated differently, plaintiff must allege conduct which "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846-847 (1998). Plaintiff appears to allege that the University's interpretation of its regulations constitute a violation of all students' due process rights. Plaintiff

---

[5] Dr. Van Duser has never been named as a defendant.

identifies no specific conduct or facts as to defendant that allege a violation of substantive due process rights.[6] Plaintiff has failed to overcome defendant's entitlement to qualified immunity as to this claim.

D. <u>State Law Claims for Defamation, False Arrest, and Fraud</u>

All that remains after dismissal of plaintiff's claims pursuant to 42 U.S.C. § 1983 are plaintiff's state law claims and causes of action for defamation, false arrest, and fraud. As the basis of his motion to dismiss each of these claims and causes of action, defendant primarily asserts the defense of official immunity.

Texas law affords a government official immunity from suit arising from performance of his or her discretionary duties, performed in good faith, provided the official is acting within the scope of his or her authority. <u>Cantu v. Rocha</u>, 77 F.3d 795, 808 (5th Cir. 1996) (internal citations and quotation marks omitted). Official immunity is an affirmative defense, and Texas law requires the defendant to establish all of the elements of the defense. <u>City of Lancaster v. Chambers</u>, 883 S.W.2d 650, 653

---

[6] All of the allegations under the cause of action for substantive due process are conclusory and lack support in any of the factual allegations set forth in the second amended complaint. Further, the substantive due process cause of action appears to primarily seek relief on behalf of other unnamed students. Plaintiff has failed to allege any standing to pursue such claims.

(Tex. 1994); see also Dreyer v. Yelverton, 291 F. App'x 571, *8 (5th Cir. 2008) ("[I]t is the government employee, not the plaintiff, who has the burden for each of these elements [of official immunity]," quoting Telthorster v. Tennell, 92 S.W.3d 457, 460-61 (Tex. 2002)). Official immunity is thus more properly asserted in a motion for summary judgment rather than, as here, a motion to dismiss.

Although the court is inclined to agree that plaintiff's state law claims are without merit, it cannot reach such a conclusion on the basis of the official-immunity defense asserted in defendant's motion to dismiss.[7] The court therefore declines to exercise its supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Rhyne v. Henderson County, 973 F.2d 386, 395 (5th Cir. 1992).

V.

Order

Therefore,

The court ORDERS that the amended motion to dismiss be, and is hereby, granted as to the claims of plaintiff, Siyuan Liu,

---

[7] While defendant raises some additional grounds as to the state law claims, those grounds are more properly asserted in a motion for summary judgment, as they require consideration of evidence not provided by defendant and beyond the scope of a motion to dismiss.

14

against defendant, Thomas Moorman, for violations of procedural due process, equal protection, and substantive due process pursuant to 42 U.S.C. § 1983, and that those claims and causes of action be, and are hereby, dismissed with prejudice.

The court further ORDERS that plaintiff's claims for defamation, false arrest, and fraud be, and are hereby, dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

SIGNED June 3, 2010.

_____
JOHN McBRYDE
United States District Judge

15